UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. TERRELL,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, USP-ATWATER,<br><br>　　　　　　　　Respondent. | Case No. 1:22-cv-00305-CDB  (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>(ECF No. 12) |

Before the Court is Respondent's Motion to Dismiss, filed November 4, 2022. (ECF No. 12).

Pursuant to the Court's Order Setting Briefing Schedule and consistent with Rule 4 Governing Section 2254 cases,[1] Petitioner had twenty-one (21) days after Respondent filed the Motion to Dismiss to file Petitioner's opposition or statement of non-opposition. As of November 29, 2022, Petitioner has made neither filing. Therefore, under Eastern District of California Local Rule 230(c) the Court construes Petitioner's failure to timely oppose as a non-opposition to the motion. Accordingly, the matter is fully submitted, and the Court grants

---

[1] The Rules Governing Section 2254 Cases may be applied to petition for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules are "applicable to proceedings for . . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statues of the United States and has heretofore conformed to the practice of civil actions." Fed R. Civ. P. 81(a)(4).

Respondent's Motion to Dismiss on its merits.

## I.     Procedural and Factual Background

On March 16, 2022, Petitioner, a Bureau of Prisons (BOP) inmate currently incarcerated in Atwater, California, filed a 28 U.S.C. § 2241 petition for habeas corpus seeking relief from sanctions imposed on him for a BOP code 113 violation (possession of illicit drugs) at FCI-Butner on July 25, 2019.

Petitioner's illicit drug possession violation occurred during his service of his 100-month prison sentence following his conviction in the Southern District of West Virginia for felon in possession of a firearm in violation of 18 U.S.C § 922(g).  According to prison records, Petitioner confessed to possessing illicit synthetic cannabis oil drug doses. (ECF No. 12, Appx. p. 22). Petitioner claims that he was never given a written statement of reasons as to why he was found guilty of his illicit drug possession, which he argues violates *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner seeks relief in the form of restoring his good time credit, and expungement of "incident report #330582." (ECF No. 1, p. 5).

## II.    Discussion

In *Wolff*, the Supreme Court held that prison disciplinary hearings are required to have five elements to meet procedural due process requirements. They are: (1) written notice of the charges no less than 24 hours before the hearing; (2) an opportunity to present witnesses and documentary evidence; (3) an impartial hearing body; (4) assistance for illiterate inmates or in complex cases; and (5) a written statement of the evidence relied upon, as well as reasons for the sanction. *Wolff*, 418 U.S. 563-567.

Respondent asserts that Petitioner did receive proper procedural due process and claims that dismissal is appropriate because Petitioner failed to exhaust all available judicial and administrative remedies before he filed his § 2241 petition. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion is not a "jurisdictional prerequisite," but generally can be only waived if "pursuing those administrative remedies would be futile." *Id.*

To exhaust available administrative remedies, an inmate must proceed through the administrative remedy process. 28 C.F.R. §§ 542.10-542.19.  First the inmate must seek informal

resolution of the issue at their institution of confinement. *Id.* § 542.14. If the informal process fails, the inmate must file a formal request with the Warden. *Id.* If the Warden denies a remedy, the inmate may appeal to the Regional Director, within 20 days of receiving the Warden's response, and then to the General Counsel within 30 days of the Regional Director's response. *Id.* § 542.15.

Petitioner claims that there was a due process error because he did not receive a timely copy of the final Disciplinary Hearing Officer (DHO) written decision determining that has violated BOP's Disciplinary code, filed October 31, 2019. Respondent points to the record, which indicates that Petitioner did in fact receive the DHO decision as he filed two Administrative Remedy appeals, challenging incident report number 3305832. The Regional Director did address Petitioner's Administrative remedy appeal and found that he had been afforded due process. (ECF No. 12, Appx pp. 5-7). Petitioner has not appealed the Regional Director's decision to the General Counsel, and thus has not exhausted his administrative remedies. *Id.*

The Court finds that the record is consistent with Respondent's assertions that Petitioner did indeed appeal to the Regional Director, and he received a written denial of his appeal. (ECF No. 12, Appx at pp. 41-46). Furthermore, the uncontradicted record reflects that Petitioner did admit that report number 330582 was accurate. *Id.* at pp. 47-48.

### III.    Conclusion and Order

Accordingly, for the reasons set forth above, the Court ORDERS that Respondent's Motion to Dismiss is GRANTED, and Petitioner's Petition for Habeas Corpus is DENIED.

IT IS SO ORDERED.

Dated:   **November 30, 2022**                    _____
UNITED STATES MAGISTRATE JUDGE